1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| ANTOINE P. LeBLANC,<br><br>                   Plaintiff,<br><br>        v.<br><br>WILLIAM PHELTON,<br><br>                   Defendant. | Case No. CV 16-03929 JLS (AFM)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY** |
| --- | --- |

Plaintiff, a prisoner of the State of California currently incarcerated at California State Prison-Los Angeles County in Lancaster, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that during the course of his arrest in December 2005 the defendant (a deputy sheriff) used excessive force by shooting plaintiff in the left back area.  Plaintiff seeks monetary damages.

## DISCUSSION

### A.      Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the Court must

1  identify any cognizable claims, and dismiss any claims which are frivolous,
2  malicious, fail to state a claim upon which relief may be granted, or seek monetary
3  relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b)(1),
4  (2).  Pro se pleadings must be liberally construed.  *See Balistreri v Pacifica Police*
5  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

6      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
7  elements:  (1) that a violation of a right secured by the Constitution or laws of the
8  United States was violated, and (2) that the alleged deprivation was committed by a
9  person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48, 108
10  S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

11

12      **B.    Statute of Limitations**

13      As discussed below, it appears from the face of the Complaint that plaintiff's
14  claim cannot go forward because it is barred by the applicable statute of limitations.
15  Although the statute of limitations is an affirmative defense that normally may not
16  be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an
17  in forma pauperis complaint where the defense is complete and obvious from the
18  face of the pleadings or the court's own records.  *See Franklin v. Murphy*, 745 F.2d
19  1221, 1228-30 (9th Circ. 1984).  Here, plaintiff has been granted leave to proceed
20  in forma pauperis, and for the reasons discussed below, it appears from the face of
21  the Complaint that the statute of limitations is a complete and obvious defense to
22  the claim raised therein.

23      Section 1983 does not contain its own limitations period.  *See Elliott v. City*
24  *of Union City*, 25 F.3d 800, 802 (9th Cir. 1994).  Rather, the appropriate period is
25  that of the forum state's statute of limitations for personal injury torts.  *See Wilson*
26  *v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985).  In the
27  event the state has multiple statutes of limitations for different torts, federal courts
28  considering claims brought pursuant to § 1983 borrow the general or residual

2

statute for personal injury actions. *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999). Effective January 1, 2003, California's general residual statute of limitations for personal injury actions is two years; prior to that date, the limitations period for such actions was one year. *See Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). Additionally, a federal court must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 543-44, 109 S. Ct. 1998, 104 L. Ed. 2d 582 (1989). In California, incarceration of the plaintiff is a disability that tolls the statute for a maximum of two years. *See* Cal. Civ. Proc. Code § 352.1. Tolling under section 352.1 is triggered by the plaintiff's arrest and incarceration. *See Elliott*, 25 F.3d at 802-03. Once the prisoner is released from incarceration, however, the statute of limitations starts to run again, and tolling will not be reinstated by subsequent incarceration. *See Boag v. Chief of Police*, 669 F.2d 587, 589 (9th Cir. 1982) (holding disability of imprisonment ceased upon prisoner's release on parole and was not reinstated by incarceration), *cert. denied*, 459 U.S. 849, 103 S. Ct. 109, 74 L. Ed. 2d 97 (1982); *Williams v. Coughlan*, 244 F.2d 6, 8 (9th Cir. 1957) (holding statute of limitations not tolled after prisoner released).

A claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of that cause of action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999); *Elliott*, 25 F.3d at 802. Here, plaintiff alleges he was injured by events that took place during his arrest on December 7, 2005; thus, plaintiff's claim for injury accrued no later than that date. If plaintiff remained incarcerated for at least two years thereafter, under California law plaintiff had, at most, four years from the date on which his claims accrued in which to file his Complaint against the instant defendant. Consequently, plaintiff was required to file his Complaint by no later than **December 7, 2009**. Plaintiff did not file instant action until **June 3, 2016**.

Because plaintiff filed his Complaint, at a minimum, nearly 6-1/2 years after the statute of limitations had expired, the instant action appears to be completely

time-barred from the face of the Complaint.  Moreover, plaintiff's Complaint, when read with the requisite liberality, contains no allegation that would suggest plaintiff is able to show he is entitled to any period of statutory tolling other than that discussed above.  *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 683 (9th Cir. 1980) (holding complaint may be dismissed on statute of limitations grounds where allegations therein, even when read with required liberality, would not permit plaintiff to prove statute was tolled).

*     *     *     *     *

Accordingly, plaintiff is ORDERED TO SHOW CAUSE, within **21 days** of the date of this Order, why this action should not be dismissed as untimely under the statute of limitations.  Failure by plaintiff to file a timely and sufficient response will result in the Court recommending dismissal of this action with prejudice.

**IT IS SO ORDERED.**

DATED:  June 28, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE